IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:09-CR-00010-F-1
No. 2:13-CV-00024-F

| | | |
|---|---|---|
| EARL EDWARD EASON, | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-49] Earl Edward Eason's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-42, DE-45].[1] The issues have been fully briefed and are now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED.

**Factual and Procedural Background**

On March 9, 2009, Eason was charged in a single-count information with being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Criminal Information [DE-1]. Eason's arraignment was held on April 27, 2009. At his arraignment, Eason pled guilty to the information pursuant to a written plea agreement [DE-7].

Eason was sentenced to 55 months' imprisonment on January 31, 2011. *See* Judgment [DE-30]. Eason did not appeal his conviction or sentence.

---

[1] Eason's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-42], which was received on April 19, 2013. At the court's direction, Eason filed a "conforming" motion [DE-45] on May 7, 2013.

On April 19, 2013, the court received Eason's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-42, DE-45]. In his § 2255 motion, Eason argues that he received ineffective assistance of counsel in the following respects: (1) his attorney erred by failing to object to the use of his 1990 conviction for breaking and entering when calculating his criminal history; (2) his attorney erred by failing to argue that until 2007 convicted felons could hunt in North Carolina and that he did not have fair warning that he was breaking the law; and (3) his attorney erred by failing to seek a reduction in his sentence pursuant to U.S.S.G. § 2K2.1(b)(2). The Government has filed a Motion to Dismiss [DE-49] Eason's § 2255 motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that Eason's § 2255 motion is time-barred. The Government also argues that Eason's claims are procedurally defaulted.

**Legal Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing Adams *v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

**Discussion**

**Eason's Motion to Vacate is Time-Barred.**

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act

2

("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of - -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). When a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

In this case, Eason's Judgment [DE-30] was entered on January 31, 2011, and he filed the instant § 2255 motion on April 15, 2013, at the earliest.[2] Thus, Eason filed his § 2255 motion well beyond this one-year period. For this reason, Eason has not shown that his motion is timely under § 2255(f)(1). Additionally, Eason does not allege that governmental action impeded his ability to file his § 2255 motion. Thus, Eason's § 2255 motion is not timely under § 2255(f)(2). Eason's motion is also untimely pursuant to 28 U.S.C. § 2255(f)(3), as Eason's motion is not

---

[2] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing § 2255 Proceedings. Eason dated his signature on the § 2255 motion as April 15, 2013.

3

based upon a newly recognized right made retroactively applicable by the Supreme Court. Finally, Eason's motion is also not timely pursuant to 28 U.S.C. § 2255(f)(4). In sum, Eason's motion was not filed within one year of any of the circumstances described in § 2255(f), and as such, it is untimely.

## Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-49] is ALLOWED, and Eason's § 2255 motion [DE-42, DE-45] is DISMISSED. The court concludes that Eason has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 8th day of August, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge

4